Citation Nr: 1237398 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 08-12 485 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to service connection for a bilateral leg disability, to include as secondary to a low back disability.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

Appellant, Appellant's Spouse, and Ms. KF



ATTORNEY FOR THE BOARD

W.H. Donnelly, Counsel


INTRODUCTION

The Veteran served on active duty with the United States Navy from August 1958 to January 1959.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision by the Waco, Texas, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which denied entitlement to service connection for left ankle, right ankle, low back, and bilateral leg disabilities. 

The Veteran, his wife, and a county service officer, Ms. KF, testified at a hearing before a Decision Review Officer (DRO) at the RO in April 2010. A transcript of the hearing is associated with the claims file.

In a February 2012 decision, the Board granted service connection for a left ankle disability; this was a full grant of the benefit sought on appeal, and no further question remains for Board consideration with respect to the left ankle. The remaining issues were remanded to the RO, via the Appeals Management Center (AMC), in Washington, DC, for further development. During the pendency of the remand, the RO granted service connection for a right ankle disability; again, this fully satisfied the appeal. The sole issues remaining on appeal are as noted above.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.



REMAND

Further remand is required for compliance with VA's duty to assist the Veteran in substantiating his claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c).

Low Back

In the February 2012 remand, the Board directed the RO to submit a new request for in-service hospitalization records to the National Personnel Records Center (NPRC). The Veteran has reported that he was hospitalized for 96 days at the end of 1958 and into January 1959 at the St. Alban's Naval Hospital in New York. During this period, he alleges that he fell down some stairs and hurt his back. The RO had previously requested records, but termed the request as one for records related to hospitalization for the back. As this was not actually the condition for which the Veteran was hospitalized, it was possible that there remained outstanding records. On remand, the RO was directed to again request the clinical records from November 1958 to January 1959, but for the left ankle condition.

On remand, a new request was submitted based on potential hospitalization for the left ankle disability. Unfortunately, the incorrect time period was requested. The veteran has reported that relevant records would be from November 1958 to January 1959. VA instead requested records from January 1958 to December 1958. The omission of January 1959 from the request, and hence from the resulting certification that no records are available, cannot be said to be harmless. VA has not complied with the letter or spirit of the February 2012 remand. A remand by the Board confers on an appellant the right to VA's substantial compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. See Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 106 (2008). 

Therefore, further remand for submission of a request for clinical records from St. Alban's Naval Hospital for January 1959, as related to the left ankle, is required.

Moreover, in light of the grant of service connection for both left and right ankle disabilities, and the findings made in conjunction with such, a VA examination of the spine is required. The AMC/RO did recognize this need, and sought a medical opinion in August 2012 from the VA examiner who had seen the Veteran in March 2012 in relation to his ankles. However, no physical examination of the back was performed, and the offered medical opinion is not adequate.

The examiner offered conclusions regarding the etiology of a current low back disability based on review of the claims file. He failed to document his specific sources for diagnosing degenerative disease of the low back, or even to specify whether such condition was of the joints or discs. He also failed to document the basis for concluding the condition was consistent with age. Finally, the opinion and rationale regarding a potential nexus between bilateral ankle problems and the low back is nonsensical. While there may be no basis for concluding that tendonitis migrates to or causes back problems, the same examiner commented vociferously on the Veteran's altered gait due to the ankle disabilities; an explanation of why this alteration, and any resulting abnormal weight bearing was not a causative factor is needed, particularly in light of the examiner's August 2012 statement that weight bearing was a factor in the development of back disease.

Bilateral Leg Disability

The Veteran alleges his bilateral leg complaints are secondary to his low back disability; he has described sciatic-type symptoms. The two open appeals are therefore inextricably intertwined. Findings and conclusions regarding the low back disability, both in degree and etiology, will impact any determination with regard to the legs.

Accordingly, the case is REMANDED for the following action:

1. Obtain updated treatment records from the VA medical center in Dallas, Texas, and all associated clinics, as well as any other VA facility identified by the Veteran or in the record, for the period of December 2011 to the present; records through that date are reflected in the file or the Virtual VA system.

2. Request complete in-patient clinical records of the Veteran's hospitalization at St. Alban's Naval Hospital for left ankle problems for January 1959, via PIES or other appropriate avenue. Should such records not be available, written certification is required, and the Veteran must be notified.

3. Upon completion of the above, schedule the Veteran for a VA spine examination. The entire claims file (i.e. the paper claims file and any medical records contained in Virtual VA, CAPRI, and AMIE) must be reviewed by the examiner in conjunction with the examination. If the examiner does not have access to Virtual VA, any relevant treatment records contained in Virtual VA file that are not available on CAPRI or AMIE must be printed and associated with the paper claims file so they can be available to the examiner for review. 

The examiner must perform all necessary testing, and must then identify all current diagnosis of the low back, to include discussion of any related neurological problems of the lower extremities, bowel, or bladder. The examiner must opine as to whether any currently diagnosed low back condition is at least as likely as not caused or aggravated by military service or any service connected disability. The examiner must comment on a potential relationship to a reported in-service fall down stairs (to include lay reports of ongoing symptoms), as well as the potential role of the service connected left and right ankle disabilities and their impact on gait and weight bearing.

A full and complete rationale for any opinion expressed is required. If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). Jones v. Shinseki, 23 Vet. App. 382 (2010).

4. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claims on appeal. If either of the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).


_________________________________________________
RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).